## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EMERRALD HUTCHINSON                  :
1226 North 59th Street               :
Philadelphia, PA 19151               :          CIVIL ACTION
                                     :
          Plaintiff,                 :          No.:
     v.                              :
                                     :
VICTORIA'S SECRET STORES, INC.       :          **JURY TRIAL DEMANDED**
4 Limited Pkwy E.                    :
Reynoldsburg, OH 43068               :
          and                        :
STACEY NOLAN                         :
c/o Victoria's Secret Stores, Inc.   :
4 Limited Pkwy E.                    :
Reynoldsburg, OH 43068               :
          and                        :
LORI ROBINSON                        :
c/o Victoria's Secret Stores, Inc.   :
4 Limited Pkwy E.                    :
Reynoldsburg, OH 43068               :
                                     :
          Defendant.                 :
                                     :

## CIVIL ACTION COMPLAINT

Plaintiff, Emerrald Hutchinson (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### I. Introduction

1.      Plaintiff initiates the instant action to redress violations by Victoria's Secret Stores, Inc., Stacey Nolan, and Lori Robinson (*hereinafter* collective referred to as "Defendants") of 42 U.S.C. § 1981. Plaintiff was unlawfully subjected to discriminatory treatment based on her race and terminated by Defendants due to her race and/or complaints of racial discrimination.

## II.    Jurisdiction and Venue

2.      This action is initiated pursuant to a federal law (42 U.S.C. Section 1981).  This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C.  § 1331 because the claims arise under the laws of the United States.

3.      This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III.    Parties

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult individual, with an address as set forth in the caption.

7.      Defendant Victoria's Secret Stores, Inc. (hereinafter "Defendant Entity") is a for-profit business/entity engaged in the business of selling lingerie and other articles of clothing in various retail stores throughout the United States and is headquartered at the above-captioned address.

8.      Defendant Stacey Nolan (hereinafter "Defendant Nolan") is upon information and belief a high-level manager of Defendant Entity who controls and manages the terms and

conditions of employment for employees (including Plaintiff) of Defendant Entity including but not limited to hiring, firing, and issuing discipline.

9.    Defendant Lori Robinson (hereinafter "Defendant Robinson") is upon information and belief a high-level manager of Defendant Entity who controls and manages the terms and conditions of employment for employees (including Plaintiff) of Defendant Entity including but not limited to hiring, firing, and issuing discipline.[1]

10.    At all times relevant herein, Defendants acted by and through their agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV.    **Factual Background**

11.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12.    Plaintiff is a black (African-American) female.

13.    Plaintiff worked for Defendant Entity for approximately seven (7) years.

14.    Plaintiff specifically worked for Defendant Entity's 1625 Chestnut Street, Philadelphia, Pennsylvania location (hereinafter "Chestnut Street").

15.    During her employment with Defendant Entity, Plaintiff was supervised by multiple managers; however, in or about August of 2011, Plaintiff began to be supervised by Defendant Robinson, who had only started working at Chestnut Street in August of 2011.

16.    Plaintiff was also supervised by Defendant Nolan during the same time that she was supervised by Defendant Robinson.

---

[1] Defendant Nolan and Defendant Robinson are hereinafter collectively referred to as "Defendant Individuals," unless otherwise indicated herein.

17.     From in or about August of 2011 until Plaintiff's termination from Defendant (as discussed *infra*), Plaintiff was subjected to discriminatory treatment based on her race by Defendant Entity's management, including but not limited Defendant Individuals.

18.     For example, unlike Plaintiff's non-black employees, Defendant Individuals treated Plaintiff in a rude and condescending manner, demoted her, and reduced her hours.

19.     Shortly after Plaintiff was demoted and her hours were reduced (as discussed *supra*), Plaintiff was approached by Kristen Marscelli (Operations and Staffing Coordinator) who told Plaintiff that Defendant Robinson had made discriminatory and derogatory remarks, including but not limited to that she "did not like the staff [at Chestnut Street] because the staff is too black."

20.     Shortly after her aforementioned conversation with Kristen Marscelli, Plaintiff made a complaint of discrimination to Defendant Individuals, wherein she stated that she believed management was making discriminatory remarks about the staff at Chestnut Street based on their race and that it was not appropriate for management to tell staff members that the "staff is too black."

21.     Defendant Individuals did not properly address or resolve Plaintiff's aforementioned complaint of racial discrimination; and instead, Defendant Individuals laughed at Plaintiff's complaint and told her to stop gossiping.

22.     After realizing that her concerns of race discrimination (as discussed *supra*) were not going to be resolved or investigated by Defendant Individuals, Plaintiff complained of race discrimination to Defendant Entity's Human Resources Department.

23.     Shortly after making the aforementioned complaints of racial discrimination to Defendant Individuals and Defendant Entity's Human Resources Department, Plaintiff was

subjected to increased animosity by Defendant Entity's management (particularly by Defendant Individuals), including but not limited to reducing her hours once again.

24.     On or about January 27, 2012, in close proximity to her aforementioned complaints of race discrimination and after suffering increased hostility by her management (including but not limited to Defendant Individuals), Plaintiff was terminated from Defendant Entity for alleged performance issues.

### Count I
### <u>Violations of 42 U.S.C. § 1981</u>
### (Racially Discriminatory Termination & Retaliation)

25.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

26.     During Plaintiff's employment, Plaintiff was subjected to discriminatory treatment based on her race by Defendant Entity's management.

27.     Shortly before Plaintiff's termination, Plaintiff complained of race discrimination to Defendant Individuals and Defendant Entity's Human Resources Department.

28.     Plaintiff believes and therefore avers that her hours were reduced (on two occasions) and she was terminated based on her race and/or her complaints of race discrimination.

29.     These actions as aforesaid constitute violations of 42 U.S.C. § 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.      Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority.  Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination at the hands of Defendants until the date of verdict;

C.      Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.      Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI P.C.**

By:

Ari R. Karpf
3331 Street Road
Two Greenwood Square
Bensalem, PA 19020
(215) 639-0801

Dated:   July 17, 2013

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Emerald Hutchinson                                     CIVIL ACTION
v.
Victoria Secret Stores, Inc., et al.                   NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                                             ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.            ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                                      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                                         ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                         (X )

| | | |
|---|---|---|
| 7/17/2013 | Ari R. Karpf | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Clv. 660) 10/02

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: *1220 North 59th Street, Philadelphia PA 19151*

Address of Defendant: *4 Limited Parkway E, Reynoldsburg OH 43068*

Place of Accident, Incident or Transaction: *Defendants place of business*

(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, **Ari R. Karpf**, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: *7/17/2013* _____   ARK2484

Attorney-at-Law   Attorney I.D.# 91538

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: *7/17/2013* _____   ARK2484

Attorney-at-Law   Attorney I.D.# 91538

CIV. 609 (5/2012)

•JS 44   (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| HUTCHINSON, EMERRALD | VICTORIA'S SECRET STORES, INC., et al. |

**(b)**   County of Residence of First Listed Plaintiff   **Philadelphia**

County of Residence of First Listed Defendant   **Franklin**

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)**   Attorney's (Firm Name, Address, Telephone Number and Email Address)

Karpf, Karpf & Cerutti, P.C., 3331 Street Road,
Two Greenwood Square, Suite 128, Bensalem,
PA 19020, (215) 639-0801, akarpf@karpf-law.com

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1   U.S. Government
Plaintiff

☒ 3   Federal Question
(U.S. Government Not a Party)

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

**CONTRACT**

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment
& Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted
Student Loans
(Excl. Veterans)
☐ 153 Recovery of Overpayment
of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**

☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY

☐ 310 Airplane
☐ 315 Airplane Product
Liability
☐ 320 Assault, Libel &
Slander
☐ 330 Federal Employers'
Liability
☐ 340 Marine
☐ 345 Marine Product
Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle
Product Liability
☐ 360 Other Personal
Injury

**CIVIL RIGHTS**

☐ 441 Voting
☒ 442 Employment
☐ 443 Housing/
Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities -
Employment
☐ 446 Amer. w/Disabilities -
Other
☐ 440 Other Civil Rights

PERSONAL INJURY

☐ 362 Personal Injury -
Med. Malpractice
☐ 365 Personal Injury -
Product Liability
☐ 368 Asbestos Personal
Injury Product
Liability

PERSONAL PROPERTY

☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal
Property Damage
☐ 385 Property Damage
Product Liability

**PRISONER PETITIONS**

☐ 510 Motions to Vacate
Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**

☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure
of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational
Safety/Health
☐ 690 Other

**LABOR**

☐ 710 Fair Labor Standards
Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting
& Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc.
Security Act

**IMMIGRATION**

☐ 462 Naturalization Application
☐ 463 Habeas Corpus -
Alien Detainee
☐ 465 Other Immigration
Actions

**BANKRUPTCY**

☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal
28 USC 157

**PROPERTY RIGHTS**

☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**

☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**

☐ 870 Taxes (U.S. Plaintiff
or Defendant)
☐ 871 IRS—Third Party
26 USC 7609

**OTHER STATUTES**

☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and
Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
Exchange
☐ 875 Customer Challenge
12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information
Act
☐ 900 Appeal of Fee Determination
Under Equal Access
to Justice
☐ 950 Constitutionality of
State Statutes

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1981
Brief description of cause:
Violations of 42 USC 1981.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)   (See instructions):

JUDGE _____   DOCKET NUMBER _____

Explanation:

DATE   7/17/2013

SIGNATURE OF ATTORNEY OF RECORD

| Print | Save As... | Export as PDF | Retrieve PDF File | Reset |